IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2010 APR 22 P 4: 05

CLERK JBurton.

AYANNA WIGGINS,                    *
                                   *
        Plaintiff,                 *
                                   *      CIVIL ACTION NO.
        vs.                        *      CV 109-142
                                   *
JOHN H. MCHUGH, Secretary,         *
Department of the Army,            *
                                   *
        Defendant.                 *

---

## O R D E R

---

Presently before the Court is Defendant's motion to
dismiss the Complaint on several grounds.  Plaintiff has
responded to the motion and filed a motion to amend her
Complaint.

Plaintiff Ayanna Wiggins filed this action on November
13, 2009, pursuant to Title VII of the Civil Rights Act of
1964 ("Title VII"), 42 U.S.C. § 2000e-1 et seq., 42 U.S.C. §
1981, and 42 U.S.C. § 1983.  In short, Plaintiff claims that
the Department of the Army, her employer, discriminated
against her based upon her race and retaliated against her for
prior Equal Employment Opportunity ("EEO") activity.
Defendant's motion to dismiss asserts the following grounds:
(1) Plaintiff failed to file a formal EEO complaint of

DHB (34)                                    CCC:

discrimination within 15 calendar days of notice to do so; thus, she failed to timely exhaust her administrative remedies, stripping the Court of subject matter jurisdiction; (2) Plaintiff's § 1981 and § 1983 claims should be dismissed because the United States has not waived its sovereign immunity and because these statutes do not apply to federal sector employment claims; and (3) Plaintiff's retaliation claim fails to state a claim upon which relief may be granted because her 2006 EEO activity is too remote in time, as a matter of law, to establish a causal connection between the activity and the alleged retaliatory conduct of Defendant.

With respect to Defendant's challenge to the Court's subject matter jurisdiction, Plaintiff presents evidence that she filed her formal complaint within 15 calendar days of receiving notice to do so.[1] Plaintiff submits a copy of the "Notice of Right to File Formal Complaint of Discrimination after Completion of Traditional EEO Counseling," which she signed on January 28, 2008. (See Pl.'s Aff., Ex. B.) This document stated that Plaintiff had 15 calendar days to file a formal EEO complaint, which would have been February 12, 2008. Plaintiff avers that she filed a "DA Form 2590," which is

---

[1] Because Defendant raises a factual attack on subject matter jurisdiction, this Court may consider evidence outside the pleadings such as exhibits and affidavits. Makro Capital of Am., Inc. v. UBS AG, 543 F.2d 1254, 1258 (11th Cir. 2008).

2

titled "Formal Complaint of Discrimination," on January 28, 2008.[2]   (Pl.'s Brf. in Resp. to Mot. to Dismiss, Ex. C.) Plaintiff further states that she returned to the EEO office on February 7, 2008 to replace page two of her formal complaint to reflect her attorney's representation.   (Pl.'s Aff. ¶ 9; see Pl.'s Brf. in Resp. to Mot. to Dismiss, Ex. D.) On February 11, 2008, Plaintiff received an acknowledgment from the Department of the Army that it had received Plaintiff's discrimination complaint on February 5, 2008. (Pl.'s Brf. in Resp. to Mot. to Dismiss, Ex. D.)   Based upon the foregoing evidence, Defendant concedes in its reply brief that Plaintiff did not fail to exhaust her administrative remedies.

With respect to the second ground for dismissal, Plaintiff concedes that the § 1981 and § 1983 claims should be dismissed and states that she would move to amend the Complaint to reflect that her claims are made pursuant to Title VII only.  On February 1, 2010, Plaintiff filed a motion to amend her Complaint and submitted therewith a proposed Amended Complaint.    (Doc. No. 10.)    The proposed Amended Complaint, however, contains references to both § 1981 and § 1983.   (See doc. no. 10, at 7.)   Consequently, in its reply

---

[2]   Of note, there is a handwritten notation on the top of this form "Rec'd 2/5/08."

brief, Defendant continues to seek dismissal of Plaintiff's §
1981 and § 1983 claims. The Court will address this in a
moment.

Turning now to whether Plaintiff's retaliation claim
should be dismissed as a matter of law, Defendant correctly
points out that to establish a *prima facie* case of
retaliation, a plaintiff must show: (1) she engaged in
protected activity; (2) she suffered an adverse employment
action; and (3) there was a causal link between her protected
activity and the adverse employment action. <u>Gupta v. Florida
Bd. of Regents</u>, 212 F.3d 571, 587 (11th Cir. 2000). Defendant
contends that because there is not a close temporal nexus
between Plaintiff's protected activity and any alleged adverse
employment action, her claim of retaliation must fail.

In her original Complaint, Plaintiff alleges that in
2006, she had filed a charge of discrimination alleging race
discrimination. (Compl. ¶ 16.) In the same paragraph, she
states that she had disciplinary action taken against her,
including a "'decision-day' and her final termination," though
she does not mention the date of these disciplinary actions.
(<u>Id.</u>) In the next paragraph, she alleges that she was
terminated on December 17, 2007, and that her termination was
"in retaliation for having filed a previous complaint of

discrimination."[3] (Compl. ¶ 17.) Plaintiff does not specify to which "previous complaint" she is referring. Defendant, of course, assumes it is the 2006 complaint - the only one mentioned in the Complaint. Thus, Defendant moves to dismiss the retaliation claim because the gap between Plaintiff's protected activity in 2006 and the challenged agency conduct in late 2007 is too remote to establish a causal connection sufficient to show retaliation.

Plaintiff responds that Defendant wrongly assumes that her February 2006 EEO charge was the only protected activity involved in the case. The Court notes that Plaintiff attaches to the original Complaint documents from the administrative review process, in which Plaintiff mentions that she received a "Caution Warning Decision Day Letter" on October 2, 2007. Plaintiff does mention this warning letter in her Complaint albeit in the "Administrative Course and Proceedings" section.[4] (See Compl. ¶ 8.) In the attached administrative documents, Plaintiff states that the warning letter caused her to file an informal complaint of discrimination in October of 2007. She

---

[3] Plaintiff reasserts this allegation in the second count of her Complaint: "On December 12, 2007, Plaintiff was terminated. Plaintiff's termination reflects intent to retaliate against Plaintiff for having previously filed a previous race discrimination complaint." (Compl. ¶ 20.)

[4] The Complaint, however, states that the warning letter was issued on October 4, 2007.

then claims that her termination in December of 2007 was in retaliation for her prior EEO activity in February 2006 and October 2007.

In Plaintiff's proposed Amended Complaint, she more directly sets forth the course of proceedings with her employer and her EEO activity. She states that she received the warning letter on October 2, 2007 and mentions her prior charge of discrimination on February 22, 2006. (Am. Compl. ¶ 7.) Plaintiff states that she filed an informal complaint in response to the October 2, 2007 warning letter. (Id. ¶ 8.) Finally, she states that she was terminated on December 12, 2007, while the administrative charge of October 2, 2007 was still pending. (Id. ¶ 10.) Then, in Count I of her proposed Amended Complaint, which is titled "Discriminatory Conduct in Violation of 470 SC 2000e (sic), 1981 and 1983," Plaintiff states that she was terminated "in retaliation for having filed a previous complaint of discrimination . . . ." (Id. ¶ 26.) Yet, Plaintiff only mentions the 2006 EEO activity in Count I. (See id. ¶ 25.) For this reason, Defendant contends in his reply brief that Plaintiff does not allege that any protected activity occurred in October 2007 and the February 2006 activity is too remote to support her retaliatory discharge claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure,

a plaintiff may amend her complaint as a matter of course within twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f). Here, Defendant filed a motion to dismiss under Rule 12(b) on January 14, 2010, and Plaintiff filed her motion to amend on February 1, 2010. Thus, Plaintiff may amend as a matter of right, and as a consequence, Plaintiff's motion to amend (doc. no. 10) is **MOOT**. The Court notes that the proposed Amended Complaint was not docketed as an amended complaint by the Clerk of Court. Accordingly, the Clerk is directed to file the motion to amend as the Amended Complaint.

The Court will now consider Defendant's motion to dismiss as it applies to the Amended Complaint. The first two grounds of dismissal are easily resolved based upon the parties' briefs and the record evidence. More specifically, Defendant's motion to dismiss Plaintiff's § 1981 and § 1983 claims is **GRANTED**. Thus, any reference to these statutes in the Amended Complaint are stricken. Further, Defendant concedes that Plaintiff did not fail to exhaust administrative remedies; thus, Defendant's motion to dismiss on this ground is **DENIED**.

With respect to the third ground of dismissal, the Court notes that the Amended Complaint is not a model of clarity. Indeed, Plaintiff better explains her claims in her brief than

7

in her complaints. Yet, the Amended Complaint contains allegations that Plaintiff filed a charge of discrimination on February 22, 2006, and that she received an adverse warning letter on October 2, 2007. Plaintiff then filed an informal complaint on October 10, 2007, and was subsequently terminated on December 12, 2007. She further explains that she "initiated the informal process of filing claims of discrimination . . . based on retaliation for her prior EEO charges filed on February 22, 2006 and October, 2007." Admittedly, these allegations are not in Count I of the Amended Complaint; rather, in Count I, Plaintiff only clearly alleges a retaliatory discharge based upon her "having filed a previous complaint of discrimination." Yet, the Court cannot ignore the prior allegations of the Amended Complaint, even if they are not reiterated under "Count I."

Moreover, in liberally construing the Amended Complaint, the Court will not dismiss any aspect of Plaintiff's retaliation claim based upon a lack of temporal proximity. Temporal proximity between protected expression and the alleged adverse action is relevant circumstantial evidence of causation - the third element of a *prima facie* case of retaliation. See <u>Higdon v. Jackson</u>, 393 F.3d 1211, 1220 (11th Cir. 2004). Defendant urges, however, that "mere temporal proximity between . . . protected activity and an adverse

employment action . . . must be 'very close.'" <u>Clark County</u> <u>School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001) (quoted source omitted). Defendant reasons that because the alleged adverse employment actions of October and December 2007 are not "close" to the February 2006 charge, any retaliation claim premised upon Plaintiff's February 2006 charge must fail.

Defendant's argument, however, misses the word "mere" in the <u>Clark County</u> decision. That is to say, the lack of temporal proximity becomes relevant only when it is the only evidence relied upon by Plaintiff to establish causation. As the Eleventh Circuit has stated: "[A] substantial delay between the protected expression and the adverse action" will not support a claim of retaliation as a matter of law **"in the absence of other evidence tending to show causation."** <u>Higdon</u>, 393 F.3d at 1220 (emphasis added). Stated another way, a significant gap in time does not destroy any causal connection; rather it cannot, standing alone, establish a causal connection. <u>See</u> <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007) (finding that a three to four month disparity between the protected activity and the adverse employment action is not enough "in the absence of other evidence tending to show causation"); <u>Richmond v. ONEOK, Inc.</u>, 120 F.3d 205, 209 (10th Cir. 1997); <u>Hughes v. Derwinski</u>, 967 F.2d 1168, 1174-75 (7th Cir. 1992). In the case at bar, it is

simply too early to know whether Plaintiff can establish a causal connection between her February 2006 charge and the October and December 2007 adverse actions with evidence other than mere temporal proximity. If she cannot, Defendant is correct in his contention that a retaliation claim based solely on evidence of a twenty-month gap would fail as a matter of law. At this point, however, this is a matter better addressed at the summary judgment stage. Accordingly, Defendant's motion to dismiss because the 2006 protected activity is too remote in time to establish a causal connection with any alleged adverse action is **DENIED**.

Upon the foregoing, Defendant's motion to dismiss (doc. no. 7) is **GRANTED IN PART** and **DENIED IN PART** as set forth above. Plaintiff's motion to amend the Complaint (doc. no. 10) is **DENIED AS MOOT**, and the Clerk shall docket the motion as the Amended Complaint. Having directed this filing, the Court recognizes that Plaintiff's retaliation claim in the Amended Complaint is somewhat ambiguous given the scant nature of the allegations in Count I, and further notes Plaintiff's reference to statutes upon which she no longer wishes to rely. Accordingly, **IT IS ORDERED** that Plaintiff shall have ten (10) days to file a second Amended Complaint, if she so chooses, to address the noted shortcomings of her pleadings. Because the Court is allowing this time to file a second Amended

Complaint, **IT IS FURTHER ORDERED** that Defendant shall have until May 14, 2010, in which to file an answer either to the Amended Complaint or a second Amended Complaint filed within the given time period.

**ORDER ENTERED** at Augusta, Georgia, this __22nd__ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE